**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

───────────────────────────────────────────────

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, and
KENT MILLER (in his capacity as Trustee),

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION FUND,

               Plaintiffs,

     v.                                   **Case No. 26-cv-520**

MCDONAGH DEMOLITION, INC.,

               Defendant.

───────────────────────────────────────────────

**COMPLAINT**

───────────────────────────────────────────────

    **NOW COMES** the plaintiff, by its attorneys, The Previant Law Firm, S.C., by Alex J. Sterling, and as and for a cause of action against the defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant McDonagh Demolition, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by the defendant's violation of certain collective bargaining agreements, trust plans, and trust agreements, and defendant's continued refusal to submit

contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and section 301 of the LMRA.

2.      Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that some of the plaintiff funds are administered in Dane County, Wisconsin.

#### Parties

3.      Plaintiffs Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Funds. Said Funds maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4.      Plaintiff Kent Miller is a trustee and beneficiary of the Wisconsin Laborers Health Fund within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action.  Mr. Miller maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET") is an employee benefit plan governed by a Board of Trustees consisting of union and management appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing

wage laws. Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6.     Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA") is a labor organization within the meaning of LMRA (29 U.S.C. § 152(5)), which is governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains an office at 17100 W Bluemound Rd, Brookfield, WI 53005.

7.     McDonagh Demolition, Inc. ("McDonagh") is a foreign corporation, incorporated in the state of Illinois, engaged in business with principal offices located at 7243 W. Touhy Avenue, Chicago, Illinois 60631. Its registered agent for service of process is Aaron Fox, located at 3750 Oakton Street, Skokie, Illinois 60076.

**Facts**

8.     McDonagh is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

9.     Since October 3, 2018, McDonagh has been a party to and agreed to abide by the terms of several collective bargaining agreements ("Labor Agreements") with Wisconsin Laborers District Council and the District Council's affiliated Local Union #113 (Wisconsin Laborers District Council and Local Union #113 hereafter referred to as the "Union").

10.     The Union represents, for purposes of collective bargaining, certain McDonagh employees and employees of other employers in industries affecting interstate

commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

11.    The Labor Agreements described herein contain provisions whereby McDonagh agreed to make timely payments to the plaintiff funds ("Funds") for each employee covered by said Labor Agreements.

12.    By execution of said Labor Agreements, McDonagh adopted the trust agreements and amendments thereof, which establish and govern the plaintiff funds and are necessary for their administration and designated as their representatives on the Board of Trustees, such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

13.    By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of the plaintiff funds, McDonagh has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the plaintiff funds for each employee covered by the aforementioned Labor Agreements;

    b.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.    to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiff funds pursuant to the trust agreements;

d.   to adopt and abide by all of the actions of the trustees in administering the plaintiff funds in accordance with the trust agreements and the rules so adopted;

e.   to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f.   to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g.   to provide access to all books and records necessary to perform regular audits of Sopinski Trenching's contributions to the plaintiff funds.

14.   McDonagh has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by failing to mak regular and timely payments to the plaintiff funds; and

15.   29 U.S.C. § 1132(g) (2), as amended by the MPPAA, provides:

(2)   In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)   the unpaid contributions,

(B)   interest on the unpaid contributions,

(C)   an amount equal to the greater of --

(i)   interest on the unpaid contributions, or

(ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may

-5-

be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16.    29 U.S.C. § 1145 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17.    McDonagh has failed to remit to the plaintiff funds all contributions required by its collective bargaining agreements with the Union.

18.    Pursuant to the Funds' policies on employer accounts that are binding upon McDonagh, it owes to the plaintiff funds interest of 1.5% per month and liquidated damages of 20% on all unpaid contributions.

19.    Despite demands that Sopinski Trenching perform its statutory and contractual obligations, the Funds have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. McDonagh is now indebted to the Funds as follows:

Audit Period November 1, 2019 through September 30, 2020:

| | |
|---|---|
| Wisconsin Laborers Health Fund | $125,621.54 |
| Wisconsin Laborers Apprenticeship and Training Fund | $1,381.50 |
| Laborers-Employers Cooperation and Education Trust Fund | $254.68 |
| IAP/CA | $465.14 |

**Claim One Against Defendant McDonagh Demolition, Inc. for
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

20.    As and for Plaintiffs' first claim for relief against McDonagh, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 19 above and incorporate the same as though fully set forth herein word for word.

21.    For purposes of this claim (Claim One), the Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund are hereinafter referred to as the "Funds."

22.    Due demand has been made by the Funds upon Defendant for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

23.    Because, as the Funds are informed and believe, McDonagh has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all the remedies provided by ERISA.

24.    Because McDonagh has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1.  Judgment on behalf of the Funds and against McDonagh:

    A.  For unpaid contributions, interest, and liquidated damages owed to the Funds for the audit period November 1, 2019 through September 30, 2020;

    B.  For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund for the period October 1, 2020, through the present;

    C.  For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D.  Actual attorney fees and the costs of this action.

2.  For such other, further or different relief as the Court deems just and proper.

### Claim Two Against McDonagh Demolition, Inc. for Violation of LMRA § 301 (29 U.S.C. § 185)

25.  As and for a second claim for relief against Defendant, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 above and incorporate the same as though fully set forth herein word for word.

26.  Due demand has been made upon Defendant for payment of all contributions, interest, and liquidated damages owed to LECET and IAP/CA, but Defendant has refused to pay them, and amounts remain due and owing.

27.  Because, as LECET and IAP/CA are informed and believe, Defendant has

not paid timely and prompt contributions, LECET and IAP/CA's incomes are reduced and benefits provided to participants are affected. Consequently, LMRA has been violated, and LECET and IAP/CA are entitled to all of the remedies provided by LMRA.

**WHEREFORE**, LECET and IAP/CA demand the following relief:

1.      Judgment on behalf of LECET and IAP/CA and against McDonagh:

      A.      For unpaid contributions, interest, and liquidated damages owed to LECET and IAP/CA for the audit period November 1, 2019 through September 30, 2020;

      B.      For unpaid contributions, interest, and liquidated damages owed to LECET and IAP/CA for the period October 1, 2020, through the present;

      C.      For unpaid contributions, interest, and liquidated damages owed to LECET and IAP/CA becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      D.      Actual attorney fees and the costs of this action.

2.      For such other, further, or different relief as the Court deems just and proper.

Dated this 4th day of June, 2026.

/s/Alex J. Sterling_____
Alex J. Sterling (SBN: 1107931)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

Attorneys for the Plaintiffs